1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT

7

## FOR THE DISTRICT OF ARIZONA

8

9   F.B.,                                            No. CV-25-04271-PHX-JJT (JZB)

10                  Petitioner,                      **ORDER**

11   v.

12   Kristi Noem, *et al.*,

13                  Respondents.

14

15          Petitioner filed a Verified Petition for Writ of Habeas Corpus under § 2241 and

16   Complaint for Declaratory and Injunctive Relief challenging her immigration detention.

17   (Doc. 1.) Petitioner also filed a Motion for Temporary Restraining Order. (Doc. 2.) In its

18   November 18, 2025 Order, the Court directed Respondents to answer the Petition and

19   Motion on an expedited basis. Respondents filed a response to both the Petition and

20   Motion and Petitioner filed a reply in support of her Motion. (Docs. 7-8.) For the

21   following reasons, the Petition is granted in part, and Respondents must immediately

22   release Petitioner from custody.

23          As noted in the November 18 Order, Petitioner is a native and citizen of Russia

24   who entered the United States in October 2023. (Doc. 1 ¶ 12-13.) Petitioner, her husband,

25   and her four-year-old presented themselves for an interview with immigration authorities,

26   passed all required background checks, were paroled into the United States, and timely

27   filed for asylum thereafter. (*Id.* ¶ 15.) On October 16, 2024, Petitioner and her family

28   appeared for an ICE check-in. Petitioner was separated from her family and detained

without explanation. (*Id.* ¶ 28.) Petitioner remained detained in San Diego, California until May 29, 2025, when she was transferred to the San Luis Regional Detention Center in San Luis, Arizona. (*Id.* ¶¶ 30, 34.) Petitioner's asylum application was granted on March 13, 2025. (*Id.* ¶ 32.) Following an appeal by DHS, the BIA remanded Petitioner's matter back to the immigration judge for further factual development. (*Id.* ¶ 39.) Following remand, the immigration judge again granted Petitioner's asylum application. (*Id.*) DHS filed a notice of appeal to the BIA.

Petitioner filed this action challenging her detention on two grounds. She alleged she has a liberty interest in her release on parole and her subsequent arrest in November 2024 without any predeprivation process violated her due process rights. Petitioner further alleged her prolonged detention without an individualized determination violates the Fifth Amendment.

Respondents' response to the Petition and Motion is a nonsequitur. It is a boilerplate response to an argument Petitioner did not raise—that all individuals who have not been admitted to the United States are "applicants for admission" under 8 U.S.C. § 1225(b)(2)(A) and are therefore subject to mandatory detention. (Doc. 7.) But in this case, Petitioner did not challenge her status as an arriving alien who would ordinarily be subject to mandatory detention. Rather, Petitioner was released on parole, redetained, and has been in custody for over one year despite being granted asylum—twice. Respondents do not acknowledge or address Petitioner's actual arguments. The Court therefore finds Respondents have waived any challenge to them. *United States v. Kimble*, 107 F.3d 712, 715 n.2 (9th Cir. 1997) ("[B]ecause this argument was not coherently developed in his briefs on appeal, we deem it to have been abandoned.").

The Court moreover concludes Petitioner had a protected liberty interest in her release from immigration detention and was entitled to a pre-deprivation hearing before rearrest and detention. *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019) ("If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low."); *see also Y.M.M.*

*v. Wamsley*, No. 2:25-02075, 2025 WL 3101782, at *3 (W.D. Wash. Nov. 6, 2025); *Ramirez Tesara v. Wamsley*, No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663, at *5,__ F. Supp. 3d __ (W.D. Wash. Sep. 12, 2025); *E.A. T.-B. v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *2–6,__ F. Supp. 3d __ (W.D. Wash. Aug. 19, 2025); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *4 (N.D. Cal. July 17, 2025) (recognizing that "the liberty interest that arises upon release [from immigration detention] is inherent in the Due Process Clause"); *Ortega v. Kaiser*, No. 25-cv-05259-JST, 2025 WL 1771438, at *3 (N.D. Cal. June 26, 2025) (collecting cases finding that noncitizens who have been released have a strong liberty interest).

Because Respondents waived their defense to Petitioner's claims and the Court further finds Petitioner is entitled to relief as to Count One—that Petitioner was arrested and redetained in violation of her procedural due process rights—the Court will grant Petitioner's Petition as to Count One and order her immediate release. *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful] detention is, of course, release."); *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he traditional function of the writ is to secure release from illegal custody.").

**IT IS THEREFORE ORDERED** granting the Petition for Writ of Habeas Corpus (Doc. 1) as to Count One. The Petition is otherwise denied as moot.

**IT IS FURTHER ORDERED** Petitioner must be released from immigration custody immediately.

**IT IS FURTHER ORDERED** Respondents must file a notice of compliance confirming Petitioner's release no later than 4:00 p.m. on **December 5, 2025**.

**IT IS FURTHER ORDERED** any remaining pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 4th day of December, 2025.

Honorable John J. Tuchi
United States District Judge

- 3 -