**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| F.B.,<br><br>Petitioner,<br><br>v.<br><br>Kristi Noem, *et al.*,<br><br>Respondents. | No. CV-25-04271-PHX-JJT (JZB)<br><br>**ORDER** |

At issue is Petitioner's Motion for Attorney's Fees Under to the Equal Access to Justice Act (Doc. 15). This Court granted her Petition for Habeas Corpus (Doc. 1) and ordered Respondents to release her "immediately." (Doc. 9.) After Respondents filed a Notice of Compliance and the Court entered Judgment, Petitioner filed the instant fee motion seeking $59,602.93 in fees and costs; Respondents filed an opposition (Doc. 16).

The Equal Access to Justice Act (EAJA) provides in relevant part that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified for that special circumstances make such an award unjust.

28 U.S.C. § 2412(d)(1)(A). Petitioner was the prevailing party in her immigration habeas

matter, as the Court granted her the relief she sought. Ordinarily the granting or denial of such a motion would then turn on the parties' arguments as to whether the position Respondents took in opposing the Petition was substantially justified. Here that argument was largely absent. Respondents, in their opposition, seem to acknowledge the Court's likely finding as to substantial justification:

> Whether the government's position was substantially justified is a threshold issue district courts routinely consider in EAJA matters. In the interest of judicial economy, and not as a concession regarding the merits of its litigation position in this matter, Respondents assume for purposes of this motion that the Court would find fees under EAJA to be appropriate.

(Doc. 16 at 2-3.) Respondents likely adopted this position because, as the Court detailed in its Order granting habeas relief, Respondents failed even to address the two bases Petitioner argued in support of her Petition; rather, they filed a "boilerplate response to an argument Petitioner did not raise--that all individuals who have not been admitted to the United States are applicants for admission under 8 U.S.C. § 1225(b)(2)(A) and are therefore subject to mandatory detention." (Doc. 9 at 2.) The court went on to note that "in this case, petitioner did not challenge her status as an arriving alien who would ordinarily be subject to mandatory detention . . . . Respondents do not acknowledge or address petitioner's actual arguments." The Court concludes the government's position was not substantially justified.

Respondents do, however, oppose the application. They base their opposition on two other issues. First, the Motion fails to conform to the requirements of the District's Local Rules of Practice in that it does not include a certification of conferral between the parties or the fee agreement, and—perhaps most importantly, it does not discuss the reasonableness factors required of all fee motions in this district as set forth in LRCiv 54.2(c)(3), which prejudices Respondents' ability to assess and argue reasonableness of the request. Second, the fees are multiples of ten higher than EAJA fees sought in most comparable immigration 2241 matters in the District of Arizona.

The Court finds both arguments have purchase. The application does fail in some respects to comply with LRCiv 54.2. However, as to that point, the Court's agreement with Respondents as to issue two—and its commensurate substantial reduction to the fees requested—obviates the need for the information not supplied as identified in issue one.

The Court understands that the hourly rate Petitioner's counsel seeks is approximately one third to one fourth of their standard rates, respectively, and far below the market for firms of Morrison & Foerster LLP's tier and Bay Area firms of any type in general. But the market in the District of Arizona is what matters for purposes of this evaluation, and the EAJA fee requests arising from the ICE detention habeas litigation involving very experienced immigration-specialty counsel in this district, as well as matters before this Court involving immigration counsel from many other markets across the United States, have consistently appeared in the $6,000 to $8,000 range. As for the number of hours billed, the Court finds they outstrip by multiples what should be called for in a matter such as the instant one. The Court is not required to, nor will it, perform a line-item review of the billing entries in this matter. It concludes that an award of $10,000 is reasonable in light of work performed and the circumstances under which that took place.

**IT IS ORDERED** granting in part and denying in part Petitioner's Motion for Attorney's Fees Under the Equal Access to Justice Act (Doc. 15), and awarding Petitioner's counsel $10,000 in reasonable attorneys' fees.

Dated this 24th day of August, 2026.

Honorable John J. Tuchi
United States District Judge